IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUMBERMENS MERCHANDISING CORPORATION, | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| STACEY HOLDINGS, INC., | : | |
| *Defendant.* | : | NO. 24-cv-01111 |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                                      **NOVEMBER 22, 2024**

On March 14, 2024, Plaintiff Lumbermens Merchandising Corporation brought this diversity action against Defendant Stacey Holdings, Inc. d/b/a/ Compton Lumber for breach of contract. ECF No. 1. Defendant answered the Complaint and asserted three counterclaims on April 25, 2024. ECF No. 13. Presently before the Court is Plaintiff's Motion for Default Judgment against Defendant. ECF No. 40. Plaintiff seeks a judgment in the amount of $232,727.61, which includes $132,622.82 for lumber and related building materials; $44,807.62 for interest charges and account fees; $10,386.17 in prejudgment interest; and $44,911 in attorneys' fees, costs, and expenses. ECF Nos. 44 and 45. Plaintiff also seeks post-judgment interest. ECF No. 44. For the reasons stated below, Plaintiff's motion will be granted.

Federal Rule of Civil Procedure 55(a) permits the Clerk of Court to enter a party's default when that party has failed to plead or otherwise defend against a judgment for affirmative relief. After the Clerk enters default, a plaintiff may move for entry of default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). The Third Circuit has broadly interpreted "otherwise defend" as "more than the failure to enter an appearance or answer the complaint." *Nautilus Ins. Co. v. Liu Constr., LLC*, No. 22-4936, 2024 WL 1836502, at *2 (E.D. Pa. April 26, 2024) (citing

*Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992), abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)). A court may, for example, "impose[] a default judgment against the defendants for failure to comply with [their] own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests." *Hoxworth*, 980 F.2d at 918 (citations omitted). Further, because corporate entities are not permitted to proceed in federal court without licensed counsel, pro se corporate defendants have no means defend against a judgment, thus justifying a default. *Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-0453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) (citations omitted).

Since August 15, 2024, Defendant has litigated this case pro se. More precisely, Defendant has not litigated this case whatsoever since mid-August, when the Court granted Defense counsel's motion to withdraw and ordered Defendant to replace counsel of record by August 23. ECF No. 25. In early September, after that order was returned to the Court as not deliverable to Defendant, ECF No. 33, the Court took action to ensure proper service. First, the Court emailed former Defense counsel (copying Plaintiff's counsel) to obtain viable postal and email addresses for Defendant. ECF No. 32. Former counsel promptly supplied this information. *Id.* Next, the Court ordered the Clerk of Court to update the mailing address for Defendant on the docket. ECF No. 31. The Court also directed the Clerk to mail a copy of that order, as well as two other recently docketed orders (ECF Nos. 28 and 29), to Defendant. *Id.* In addition, on September 11, 2024, the Clerk re-mailed the order directing Defendant to replace counsel of record (ECF No. 25) to Defendant's updated address. None of the orders mailed (ECF Nos. 28 and 29) or re-mailed (ECF Nos. 25 and 26) to Defendant's updated mailing address have been returned to the Court as not deliverable. Nevertheless, Defendant remains unrepresented and unresponsive.

On October 16, 2024, Plaintiff requested an entry of default against Defendant, which the Clerk entered that day. ECF Nos. 38 and 39. The next day, Plaintiff moved for default judgment.[1] ECF No. 40. Rule 55(b)(2) requires that a party serve the adverse party written notice of a motion for default judgment at least seven days before a hearing. *See also Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011) ("[T]he notice procedure created by Rule 55 is integral to ensuring that litigants' rights are adequately protected."). Plaintiff's motion included a Certificate of Service attesting that the motion was served via email and certified and/or USPS First Class mail to Defendant at the address on the docket. ECF No. 40 at 14. The Court then issued an order on October 31 scheduling an in-person evidentiary hearing on the motion for November 14. ECF No. 43. Defendant thus had ample time to learn of the motion (four weeks) and to prepare for the hearing (two weeks). Likewise, Defendant had ample time to secure new counsel (two months), as ordered, before the hearing. On the day of the hearing, Defendant was a no-show. ECF No. 43.

Nevertheless, the Court conducted an evidentiary hearing in which Plaintiff, through sworn testimony and admitted documents, established their claims, damages, and contractual rights to attorneys' fees, costs, and interest. *Id.* Plaintiff then supplemented the record by motion at the Court's direction to establish detailed documentation of attorney hours and costs expended on the litigation. ECF No. 45.

The district court has discretion as to whether to grant a motion for default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). This determination requires the Court to evaluate three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

---

[1] The Court also granted Plaintiff's motion to dismiss Defendant's counterclaims for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), on October 30, 2024. ECF No. 41.

3

conduct." *Id.* (citation omitted). Upon review of the record, the Court finds that these factors weigh in favor of granting default judgment. Since mid-August, Defendant has wholly failed to appear, i.e., make "some presentation or submission to the court," in this case. *Port-Wide Container Co. v. Interstate Maint. Corp.*, 440 F.2d 1195, 1196 (3d Cir. 1971). Without counsel, as required of corporate defendants, Defendant has lacked any means to fulfill discovery obligations, meet scheduling deadlines, or otherwise defend against Plaintiff's breach of contract claim and prosecute their own counterclaims. The Court took proactive measures to ensure Defendant had proper notice of the court's orders, most importantly the order to replace counsel; these efforts went unheeded. Accordingly, the Court will grant Plaintiff's Motion for Default Judgment (ECF No. 40) in the amount of $232,727.61 plus post-judgment interest. An appropriate order will issue.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**